# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

NATIONAL CABLE TELEVISION )
COOPERATIVE, INC., )
          )
         **Plaintiff,** )
          ) **CIVIL ACTION**
**v.** )
          ) **No. 10-2254-KHV-DJW**
**LAFAYETTE CITY-PARISH** )
**CONSOLIDATED GOVERNMENT OF** )
**LAFAYETTE, LOUISIANA, d/b/a** )
**LUS UTILITIES SYSTEM,** )
          )
         **Defendant.** )
_____ )

## MEMORANDUM AND ORDER

National Cable Television Cooperative, Inc. ("NCTC") brings suit against Lafayette City-Parish Consolidated Government of Lafayette, Louisiana d/b/a Lafayette Utilities System ("LUS") seeking declaratory judgment on two counts.[1]  In Count I, NCTC seeks a declaratory judgment that (1) Section 628 of the Communications Act, 47 U.S.C. § 548 (hereinafter "Section 628"), does not apply to it; (2) LUS may not lawfully bring a Federal Communications Commission ("FCC" or "Commission") compliance action against plaintiff or its board members; and (3) if LUS pursued an FCC compliance action against NCTC, it would constitute malicious prosecution of an unmeritorious claim.  Complaint (Doc. #1) at 7-8.  In Count II, NCTC seeks a declaratory judgment that (1) it did not violate federal or state unfair competition laws when it denied the LUS membership application and (2)

---

[1]     NCTC also sued the City of Wilson, North Carolina and the Electric Power Board for the City of Chattanooga, Tennessee.  Complaint (Doc. #1).  NCTC has voluntarily dismissed its claims against those defendants, leaving LUS as the sole remaining defendant.  See Plaintiff's Notice Of Voluntary Dismissal Of Defendant City Of Wilson, North Carolina (Doc. #8); Plaintiff's Notice Of Voluntary Dismissal Of Defendant Electric Power Board For The City Of Chattanooga, Tennessee (Doc. #9).

if LUS attempted to pursue a claim with the Federal Trade Commission ("FTC") under 15 U.S.C. § 45,

ask the U.S. Department of Justice to reconsider its NCTC business review letter, seek a Congressional

investigation or seek to enforce state unfair practices laws, such action would constitute malicious

prosecution of an unmeritorious claim. Id. at 10. This matter is before the Court on the Motion to

Dismiss (Doc. #15), which LUS filed June 21, 2010 and Plaintiff's Motion For Reconsideration Of

Court's September 07, 2010 Order (Doc. # 28) filed September 13, 2010.[2] For the following reasons,

---

[2]     Plaintiff asks the Court to reconsider its Order (Doc. #27) overruling plaintiff's motion for leave to file a surreply. Doc. #28. The Court overruled plaintiff's motion for leave to file a surreply because it did not attach a draft surreply to its motion as required by D. Kan. Rule 15.1(a)(2). Doc. #27. The Court may recognize any one of three grounds justifying reconsideration: an intervening change in controlling law, availability of new evidence, or the need to correct clear error or prevent manifest injustice. See Major v. Benton, 647 F .2d 110, 112 (10th Cir. 1981); Burnett v. W. Res., Inc., 929 F. Supp. 1349, 1360 (D. Kan. 1996); D. Kan. Rule 7.3(b). A motion to reconsider is not a second opportunity for the losing party to make its strongest case or to rehash old arguments. See Voelkel v. Gen. Motors Corp., 846 F. Supp. 1482, 1483 (D. Kan. 1994), aff'd, 43 F.3d 1484 (10th Cir. 1994). Such motions are not appropriate if the movant only wants the Court to hear arguments or supporting facts that could have been presented originally. See Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991), cert. denied, 506 U.S. 828 (1992). Here, the sole basis for plaintiff's motion to reconsider is that it attached a draft surreply. Plaintiff could have, indeed should have, attached the surreply to its initial motion – the surreply does not contain any new arguments or facts not available to plaintiff when it filed its initial motion. The Court therefore overrules plaintiff's motion for reconsideration of its order overruling plaintiff's motion to file a surreply.

Even if plaintiff had filed a new motion for leave to file a surreply with an attached draft, the Court would have overruled plaintiff's motion. Plaintiff seeks leave to file a surreply to address portions of defendant's reply which rely on two letters: one from the FCC Office of General Counsel to defendant dated July 22, 2010, and the other from plaintiff to the FCC dated July 23, 2010. See Doc. #28. The letters post-date plaintiff's response to defendant's motion to dismiss, and plaintiff seeks to file a surreply to address them. See Plaintiff's Legal Memorandum In Opposition To Defendant's Motion To Dismiss Doc. #18 filed July 12, 2010.

Surreplies are typically not allowed, see Metzger v. City of Leawood, 144 F. Supp. 2d 1225, 1266 (D. Kan. 2001), but they are permitted in rare cases with leave of court, Humphries v. Williams Natural Gas Co., Case No. 96-4196-SAC, 1998 WL 982903, at *1 (D. Kan. Sept. 23, 1998). For example, a nonmoving party should be given an opportunity to respond to new material raised for the first time in a reply brief. Green v. New Mexico, 420 F.3d 1189, 1196 (10th Cir. 2005). For purposes of this analysis, "material" includes both new evidence and new legal arguments. Id.; Doebele v. Sprint/United Mgmt. Co., 342 F.3d 1117, 1139 n.13 (10th Cir. 2003). If the district court does not rely
(continued...)

-2-

the Court overrules plaintiff's motion to reconsider and sustains defendant's motion to dismiss.

## Legal Standards

Defendant seeks to dismiss both counts of plaintiff's complaint for lack of subject matter jurisdiction under Rule 12(b)(1), Fed. R. Civ. P., and for lack of personal jurisdiction under Rule 12(b)(2), Fed. R. Civ. P. Alternatively, defendant seeks to dismiss or stay this case under the doctrine of primary jurisdiction.

## Subject Matter Jurisdiction – Fed. R. Civ. P. 12(b)(1)

Federal courts are courts of limited jurisdiction. Marcus v. Kan. Dep't of Revenue, 170 F.3d 1305, 1309 (10th Cir. 1999) (quoting Penteco Corp. – 1985A v. Union Gas Sys., Inc., 929 F.2d 1519, 1521 (10th Cir. 1991)). Therefore, the law imposes a presumption against jurisdiction. Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974). The Court may exercise jurisdiction only when specifically authorized to do so, see Castaneda v. INS, 23 F.3d 1576, 1580 (10th Cir. 1994), and must dismiss a claim if it becomes apparent at any stage of the proceedings that it lacks jurisdiction, Scheideman v. Shawnee Cnty. Bd. of Cnty. Comm'rs, 895 F. Supp. 279, 280 (D. Kan. 1995) (citing Basso, 495 F.2d at 909); Fed. R. Civ. P. 12(h)(3). Plaintiff bears the burden of

---

[2](...continued)
on the new material in reaching its decision, it does not abuse its discretion by precluding a sureply. Green, 420 F.3d at 1196.

In its various motions, plaintiff points out that both letters contain new information. Plaintiff states that the first letter indicates that the FCC General Counsel supports defendant's position and the second letter shows that plaintiff concedes that this case raises issues of first impression. See Doc. #21 at 2. The Court, however, does not rely on the material which plaintiff contests. Plaintiff's proposed sureply is therefore not necessary and its motion to reconsider is overruled. Defendant's reply also quotes legal argument in the letter from the FCC General Counsel. Plaintiff does not seek to respond to this material – perhaps because it is not new; defendant made similar arguments in its memorandum in support of its motion to dismiss. See Doc. #20 at 6-7; Doc. #16 at 15-17. The Court, therefore, may rely on this material.

showing that jurisdiction is proper, see Scheideman, 895 F. Supp. at 280, and must demonstrate that the case should not be dismissed, see Jensen v. Johnson Cnty. Youth Baseball League, 838 F. Supp. 1437, 1439-40 (D. Kan. 1993). Mere conclusory allegations of jurisdiction are not enough. United States v. Spectrum Emergency Care, Inc., 190 F.3d 1156, 1160 (10th Cir. 1999).

Rule 12(b)(1) motions generally take the form of facial attacks on the complaint or factual attacks on the accuracy of its allegations. Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir.1995) (citing Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990)). In a facial challenge like defendant's, the Court must accept the allegations of the complaint as true and may not consider evidence outside the complaint. Stuart v. Colo. Interstate Gas Co., 271 F.3d 1221, 1225 (10th Cir. 2001).

**Facts**

Plaintiff's complaint alleges the following facts:

NCTC is a not-for-profit Kansas corporation that serves as a cable purchasing cooperative for its members. Doc. #1 at 2. Its members are local and national cable operators. Id. NCTC enables its members to purchase cable programming and hardware at discounted bulk rates. Id. LUS is the utility department and cable operator for Lafayette, Louisiana, and is a political subdivision of the State of Louisiana. Id.

LUS applied for membership in NCTC and NCTC denied its application. See Doc. #1 ¶ 8. In response, and pursuant to FCC regulations, LUS sent NCTC a pre-filing notification which put NCTC on notice that it intended to file a claim against NCTC with the FCC. Id. ¶¶ 8-13, 21-22; Ex. 1 attached to Doc. #1. The pre-filing notification alleged that NCTC engaged in anti-competitive practices in violation of Section 628(b) of the Communications Act, 47 U.S.C. § 548. Doc. #1 ¶¶ 8-13; Ex. 1

attached to Doc. #1.  The pre-filing notice further stated that LUS would "consider" pursuing other available options, including "filing a complaint with the Federal Trade Commission pursuant to 15 U.S.C. § 45; asking the U.S. Department of Justice to reconsider its business review letter issued to the NCTC on October 17, 2003; seeking a congressional investigation and appropriate legislation; and obtaining enforcement of the relevant state unfair trade practices acts."  Doc. #1 ¶ 11 (quoting LUS pre-filing notification, Ex. 1 attached to Doc. #1).  Nine days after it received the pre-filing notice, NCTC brought this action for declaratory judgment.  See Doc. #1 (filed April 30, 2010).[3]

## **Analysis**

### I.      **Subject Matter Jurisdiction**

Defendant asks the Court to dismiss plaintiff's claims for lack of subject matter jurisdiction. With respect to Count I, defendant asserts that this Court cannot issue a declaratory judgment on plaintiff's claims under Section 628 of the Communications Act because the FCC in the first instance, and the court of appeals on review, have exclusive jurisdiction over such claims.  Doc. #16 at 15-17. As to Count II, defendant argues that plaintiff does not allege a case or controversy under Article III of the United States Constitution.  Doc. #16 at 24-28.

Federal district courts are courts of limited jurisdiction and may exercise jurisdiction only when specifically authorized to do so.  Finley v. United States, 490 U.S. 545, 547-48 (1989); Castaneda, 23 F.3d at 1580; Thunder Basin Coal Co. v. Martin, 969 F.2d 970, 972 (10th Cir. 1992), aff'd sub nom. Thunder Basin Coal Co. v. Reich, 510 U.S. 200 (1994).  The law thus imposes a presumption against

---

[3]      LUS subsequently filed an FCC action which is now pending.  Plaintiff's Legal Memorandum In Opposition To Defendant's Motion To Dismiss (Doc. #18) at 19.  LUS has not pursued any other claims against NCTC with respect to this matter.  See Reply In Support Of Motion To Dismiss (Doc. #20) at 15.

jurisdiction. <u>Marcus</u>, 170 F.3d at 1309. Plaintiff must overcome this presumption by showing, by more than mere conclusory allegations, that jurisdiction is proper. <u>Jensen</u>, 838 F. Supp. at 1439-40. Article III of the United States Constitution strictly circumscribes federal court jurisdiction to cases or controversies. U.S. Const. art. III § 2, cl. 1. Plaintiff's claims for declaratory judgment are authorized by the Declaratory Judgment Act, 28 U.S.C. § 2201 ("DJA"), which incorporates the Article III case-or-controversy requirement. It provides that "[i]n a case of actual controversy," the Court may "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).[4] <u>MedImmune v. Genentech</u>, 549 U.S. 118, 126-27 (2007) ("case of actual controversy" in DJA refers to "cases" and "controversies" justiciable under Article III). Therefore the DJA is "procedural only," <u>Aetna Life Ins. Co. of Hartford, Conn. v. Haworth</u>, 300 U.S. 227, 240 (1937), and "does not itself confer jurisdiction on a federal court where none otherwise exists," <u>Henry v. Office of Thrift Supervision</u>, 43 F.3d 507, 517 (10th Cir. 1994).

The DJA imposes two hurdles that a declaratory judgment plaintiff must overcome. <u>Surefoot LC v. Sure Foot Corp.</u>, 531 F.3d 1236, 1240 (10th Cir. 2008). First, plaintiff must assert "a case of

---

[4]     The Declaratory Judgment Act states as follows:

In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986, a proceeding under section 505 or 1146 of title 11, or in any civil action involving an antidumping or countervailing duty proceeding regarding a class or kind of merchandise of a free trade area country (as defined in section 516A(f)(10) of the Tariff Act of 1930), as determined by the administering authority, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a).

actual controversy" within the jurisdiction of the presiding court. Id.; 28 U.S.C. § 2201(a). The Supreme Court has repeatedly equated this hurdle with the Constitution's case-or-controversy requirement. Surefoot, 531 F.3d at 1240 (citing MedImmune, 549 U.S. at 127-28; Aetna, 300 U.S. at 239-40). Therefore, a declaratory judgment action "must be definite and concrete, touching the legal relations of parties having adverse legal interests, must be real and substantial and admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." Id. at 1244 (quoting MedImmune, 549 U.S. at 138; Aetna, 300 U.S. at 240) (internal quotation marks omitted). Whether a case or controversy exists is a matter of degree, Exec. Risk Indem. Inc. v. Sprint Corp., 282 F. Supp. 2d 1196, 1202 (D. Kan. 2003), and turns on whether declaratory relief will have some effect in the real world, Citizens for Responsible Gov't State Political Action Comm. v. Davidson, 236 F.3d 1174, 1182 (10th Cir. 2000) (citing Kennecott Utah Copper Corp. v. Becker, 186 F.3d 1261, 1266 (10th Cir. 1999)). "The real value of the judicial pronouncement – what makes it a proper judicial resolution of a 'case or controversy' rather than an advisory opinion – is in the settling of some dispute which affects the behavior of the defendant towards the plaintiff." Hewitt v. Helms, 482 U.S. 755, 761 (1987).

Where a constitutional case or controversy exists, federal courts generally have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 23 U.S.C. § 1331. Congress may, however, give jurisdiction over actions under a specific statute to an administrative agency, rather than to federal district courts. Thunder Basin, 969 F.2d at 972. Where Congress designs statutory review procedures "to permit agency expertise to be brought to bear on particular problems, those procedures are to be exclusive," even if Congress has not expressly so provided. Whitney Nat'l Bank in Jefferson Parish v. Bank of New Orleans & Trust Co., 379 U.S. 411,

420, 422 (1965). Statutes that provide for agency review do not restrict judicial review unless the statutory scheme displays a "fairly discernible" intent to limit jurisdiction and the claims at issue are of the type Congress intended to be reviewed within the statutory structure. <u>Free Enter. Fund v. Pub. Accounting Oversight Bd.</u>, 130 S. Ct. 3138, 3150 (2010) (quoting <u>Thunder Basin</u>, 510 U.S. at 212-13). To determine whether Congress intended to substitute agency review for judicial review, courts look to the statute's language, structure and purpose, its legislative history and whether the claims can be afforded meaningful review. <u>Thunder Basin</u>, 510 U.S. at 207 (citing <u>Bd. of Governors, FRS v. Mcorp Financial, Inc.</u>, 502 U.S. 32 (1991); <u>Whitney Nat'l Bank</u>, 379 U.S. 411). The Court presumes that Congress does not intend to limit federal court jurisdiction if preclusion could foreclose all meaningful judicial review; if the suit is "wholly collateral" to a statute's review provisions; and if the claims are outside agency expertise. <u>Free Enter. Fund</u>, 130 S. Ct. at 3150 (quoting <u>Thunder Basin</u>, 510 U.S. at 212-13).

In addition, where Congress has given federal courts of appeal exclusive jurisdiction over final agency orders, as it has with FCC orders, litigants may not evade the statutory framework by collaterally attacking an agency order in district court. <u>FCC v. ITT World Comm'ns, Inc.</u>, 466 U.S. 463, 468 (1984) (district court lacked jurisdiction to enjoin FCC action as *ultra vires*); <u>New Mexico v. Regan</u>, 745 F.2d 1318, 1322 (10th Cir. 1984) (litigant cannot avoid exclusive jurisdiction of Court of Claims by framing complaint in district court as one seeking injunctive, declaratory or mandatory relief); <u>Gold Bank v. Johanns</u>, No. 05-2239-JWL, 2005 WL 3536197, at *4 (D. Kan. Dec. 23, 2005) (same). Nor may a litigant resort to district court to preempt an agency order that another court would have exclusive jurisdiction to review. <u>Telecommc'ns Research & Action Ctr. v. FCC</u>, 750 F.2d 70, 72, 77 (D.C. Cir. 1984) (hereinafter "<u>TRAC</u>") (well settled that even where Congress has not expressly stated

that statutory jurisdiction is exclusive, statute which vests jurisdiction in particular court cuts off original jurisdiction in other courts in all cases covered by that statute); see also Greater Detroit Res. Recovery Auth. v. EPA, 916 F.2d 317, 322 (6th Cir. 1990) (where statute vests jurisdiction in particular court, such exclusive jurisdiction precludes exercise of original jurisdiction in other courts in all cases covered by statute).[5]  These jurisdictional principles are consistent with the well-established rule that "the declaratory judgment procedure will not be used to pre-empt and prejudge issues that are committed for initial decision to an administrative body or special tribunal any more than it will be used as a substitute for statutory methods of review."  Pub. Serv. Comm'n of Utah v. Wycoff Co., Inc., 344 U.S. 237, 246 (1952); see also Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 48 (1938).

The second Declaratory Judgment Act hurdle is that district courts may – not must – make a declaration on the merits of a controversy.  Id.  District courts may consider a number of case-specific factors, including whether a declaration (1) would settle the controversy; (2) would serve a useful purpose in clarifying the legal relation at issue; (3) is being used merely for purposes of procedural fencing or to provide an arena for a race to res judicata; and (4) would increase friction between a federal and state court and improperly encroach upon state jurisdiction.  State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d 979, 983 (10th Cir. 1994).  Courts also consider whether an alternative remedy is better or more effective.  Id.

### A.    Count I

In Count I, plaintiff seeks a declaratory judgment that (1) Section 628 of the Communications

---

[5]        At least in part, the rationale for this principle is that administrative remedies must be exhausted before seeking relief in court.  See Whitney Nat'l Bank, 379 U.S. at 422 (where Congress enacts specific statutory scheme for obtaining judicial review, exhaustion doctrine requires adherence to statutory mode of review, notwithstanding absence of express statutory command of exclusiveness).

Act, 47 U.S.C. § 548, does not apply to it; (2) defendant may not lawfully bring an FCC compliance action against plaintiff or its board members; and(3) if defendant pursues an FCC claim against plaintiff, it would be a malicious and frivolous claim. Doc. #1 at 7-8. Plaintiff asserts that the Court has jurisdiction under the general federal question jurisdiction statute, 28 U.S.C. § 1331, and the Declaratory Judgment Act, 28 U.S.C. § 2201, because it seeks a declaratory judgment regarding the application of a federal statute, namely Section 628 of the Communications Act. Doc. #18 at 9-11.[6] Defendant argues that the Court lacks subject matter jurisdiction because Section 628(d) gives the FCC exclusive original jurisdiction over plaintiff's Section 628 claim and Section 402(a) of the Act gives the courts of appeal exclusive jurisdiction over FCC orders. Doc. #16 at 15-17. Plaintiff counters that Section 402(a) does not apply because it refers only to final FCC orders – not pre-order FCC proceedings. Doc. #18 at 11.[7] Alternatively, defendant asserts that under the primary jurisdiction doctrine, the Court should decline to exercise jurisdiction out of deference to pending FCC proceedings. Doc. #16 at 17-24. Plaintiff disagrees. Doc. #18 at 11-16. For the reasons discussed below the Court finds that it lacks subject matter jurisdiction over Count I.

Section 628(b) of the Communications Act makes it unlawful for cable operators and certain satellite programming vendors to engage in "unfair methods of competition" or "deceptive acts or

---

[6] On the merits, which the Court need not reach at this stage of the litigation, plaintiff argues that because it is not an entity listed in Section 628, Section 628 does not apply to it. Defendant argues that Section 628 applies to plaintiff under principles of agency, *i.e.* that plaintiff is an agent of entities covered by Section 628, so plaintiff is bound by Section 628 when representing covered entities.

[7] Defendant asserts that because plaintiff did not respond to defendant's Section 628(d) argument, plaintiff concedes that the Court lacks subject matter jurisdiction. Indeed, plaintiff does not expressly deny that Section 628(d) gives exclusive jurisdiction to the FCC, but it asserts that the Court has jurisdiction under the general federal question statute, 28 U.S.C. § 1331.

practices" that "hinder" a multichannel video programming distributor ("MVPD") – such as defendant – from providing satellite cable or broadcast programming to consumers. 47 U.S.C. § 548(b). To enforce this prohibition, Congress created a framework for administrative adjudication of Section 628 claims and for review of agency orders by the courts of appeal. An MVPD that alleges a violation of Section 628(b) may commence an adjudicatory proceeding at the Commission. 47 U.S.C. § 548(d).[8] Under the Administrative Orders Review Act, the "court of appeals (other than the United States Court of Appeals for the Federal Circuit) has exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part), or to determine the validity of" FCC final orders in such cases. 28 U.S.C. § 2342; 47 U.S.C. § 402(a).[9]

---

[8]        Section 628(b) of the Communications Act states as follows:

> It shall be unlawful for a cable operator, a satellite cable programming vendor in which a cable operator has an attributable interest, or a satellite broadcast programming vendor to engage in unfair methods of competition or unfair or deceptive acts or practices, the purpose or effect of which is to hinder significantly or to prevent any multichannel video programming distributor from providing satellite cable programming or satellite broadcast programming to subscribers or consumers.

47 U.S.C. § 548(b).

Section 628(d) of the Communications Act states as follows:

> Any multichannel video programming distributor aggrieved by conduct that it alleges constitutes a violation of subsection (b) of this section, or the regulations of the Commission under subsection (c) of this section, may commence an adjudicatory proceeding at the Commission.

47 U.S.C. § 628(d).

[9]        Section 402(a) of the Communications Act, 47 U.S.C. § 402(a), provides that "[a]ny proceeding to enjoin, set aside, annul, or suspend any order of the Commission under this chapter . . . shall be brought as provided and in the manner prescribed in chapter 158 of title 28." Chapter 158 of Title 28 includes 28 U.S.C. § 2342, which states as follows:

(continued...)

The question, then, is whether this framework of agency adjudication and court of appeals review precludes district court jurisdiction over plaintiff's Section 628 claim. The Court looks to the statute's language, structure and purpose to determine whether the statutory scheme displays a "fairly discernible" intent to limit jurisdiction. Free Enter. Fund, 130 S. Ct. at 3150 (quoting Thunder Basin, 510 U.S. at 212-13).[10] The plain language of Section 628(d) and 28 U.S.C. § 2342 does not expressly preclude district court review of plaintiff's declaratory judgment claim. Section 628(b) states that an MVPD alleging a Section 628(b) violation "may" – not must – "commence an adjudicatory proceeding at the Commission." 47 U.S.C. § 548(d). Section 2342 states that the "court of appeals (other than the United States Court of Appeals for the Federal Circuit) has exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part), or to determine the validity of . . . all final orders" – not proceedings – "of the Federal Communications Commission made reviewable by section 402(a) of title 47," which includes Section 628(b). 28 U.S.C. § 2342(1).

On the other hand, the statutory framework of Section 628 shows that Congress intended FCC jurisdiction to be exclusive: Congress empowered the FCC, and only the FCC, to specify the conduct that Section 628 prohibits, see 47 U.S.C. § 548(c), remedy Section 628(b) violations,

---

[9](...continued)

The court of appeals (other than the United States Court of Appeals for the Federal Circuit) has exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part), or to determine the validity of--
(1) all final orders of the Federal Communications Commission made reviewable by section 402(a) of title 47; . . . .

28 U.S.C. § 2342(1).

[10]     Because court of appeals review is available, this case does not implicate the "strong presumption" that Congress did not mean to prohibit all judicial review. Thunder Basin, 510 U.S. at 207 n.8 (quoting Bowen v. Mich. Acad. of Family Physicians, 476 U.S. 667, 672 (1986)).

47 U.S.C. § 548(e)(1), and issue regulations to implement Section 628, 47 U.S.C. § 548(f). Congress specified that FCC regulations must "establish procedures for the *Commission* to collect such data, including the right to obtain copies of all contracts and documents reflecting arrangements and understandings alleged to violate" Section 628. 47 U.S.C. § 548(f)(2) (emphasis added). Congress also gave the FCC authority over the procedures that would govern the administrative proceedings, including providing for expedited review of Section 628 complaints and establishing penalties for frivolous claims. 47 U.S.C. §§ 548(f)(1), (3). Among other things, the purpose of Section 628 was "to promote the public interest, convenience, and necessity by increasing competition and diversity in the multichannel video programming market." 47 U.S.C. § 548(a). Taken together, these provisions show that FCC expertise was the centerpiece of the statute and was essential to carrying out Congress's purpose in defining, remedying and adjudicating Section 628 violations.

Because Congress designed Section 628 to bring FCC expertise to bear, and because the statutory scheme displays a "fairly discernable" intent to limit jurisdiction, the FCC has exclusive original jurisdiction over plaintiff's claim. Free Enter. Fund, 130 S. Ct. at 3150 (quoting Thunder Basin, 510 U.S. at 212-13); see, e.g., Thunder Basin, 510 U.S. at 208 (based on statutory language, structure and legislative history, Mine Act implicitly precluded district court jurisdiction over pre-enforcement challenge); Whitney Nat'l Bank, 379 U.S. at 420 (Bank Holding Company Act of 1956 implicitly removed district court jurisdiction over collateral attack on bank holding company proposal to open new bank).[11] Moreover, allowing the district court to decide Section 628(b) claims concurrently

---

[11] Claims that Congress did not intend to be reviewed within this statutory structure, however, may be reviewable by a district court. Plaintiff does not assert that its claim is wholly collateral to a Section 628(d) FCC proceeding, is outside FCC expertise or that a lack of jurisdiction in this Court would foreclose all meaningful judicial review. See Free Enter. Fund, 130 S. Ct. at 3150.

-13-

with the FCC would create unnecessarily duplicative litigation, and "would substantially decrease the effectiveness of the statutory design" by undermining congressional intent to bring FCC expertise to bear on these issues. See Whitney Nat'l Bank, 379 U.S. at 420.[12] The declaratory judgment procedure will not be used to pre-empt and prejudge issues that are committed for initial decision to an administrative body or special tribunal any more than it will be used as a substitute for statutory methods of review. Wycoff, 344 U.S. at 246 ("It would not be tolerable, for example, that declaratory judgments establish that an enterprise is not in interstate commerce in order to forestall proceedings by the National

---

[12]       Defendant argues that if Congress intended for district courts to exercise concurrent jurisdiction with the FCC, it would have expressly said so. Defendant points to the fact that in other provisions of the Communications Act, Congress expressly provided district court jurisdiction. Although this argument is not dispositive, "where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." Kucana v. Holder, 130 S. Ct. 827, 838 (2010) (quoting Nken v. Holder, 129 S. Ct. 1749, 1759 (2009)) (internal quotation marks omitted). Section 628, which states that an aggrieved MVPD "may commence an adjudicatory proceeding at the Commission," was enacted in the Cable Television Consumer Protection and Competition Act of 1992, Pub. L. 102-385, 106 Stat. 1460. In the same Act, Congress expressly stated that constitutional challenges to Sections 614 and 615 of the Act "shall be heard by a district court of three judges." Pub. L. 102-385 § 23, 106 Stat. 1460, 1500. The fact that Congress expressly provided district court review of these constitutional claims, but did not expressly provide district court review of Section 628(b) claims, supports the Court's conclusion that Congress intended to exclude district courts from its jurisdictional grant in Section 628(d). In addition, in Sections 207, 612(d) and (f) and 635 of the Communications Act, Congress clearly grants district court jurisdiction over particular claims. These provisions stand in stark contrast to Section 628(d) and indicate that if Congress intended for district courts to share jurisdiction over Section 628 claims, it knew how to make such a jurisdictional grant clear. Compare 47 U.S.C. §§ 207, 532(d) & (f), 555 with 47 U.S.C. § 548(d).

The rationale for not allowing litigants to hijack administrative proceedings is at least two-fold: (1) the requirement that litigants exhaust their administrative remedies, if adequate administrative remedies exist, before invoking federal court jurisdiction, see Whitney Nat'l Bank, 379 U.S. at 422; and (2) judicial efficiency, see id. Both rationales strongly favor dismissal of plaintiff's claims in this case. First, Congress clearly intended that Section 628 claims be brought first before the FCC. By bringing this action, plaintiff seeks to short-circuit FCC consideration of defendant's pending claim – and to do so without first exhausting the administrative remedy which Congress created in Section 628(d). Second, concurrent proceedings in the district court and the FCC risks inconsistent judgments and duplication of effort.

Labor Relations Board, the Interstate Commerce Commission or many agencies that are authorized to try and decide such an issue in the first instance."); Bethlehem Shipbuilding Corp., 303 U.S. at 48.

That Congress gave to the courts of appeal "exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part), or to determine the validity of" all FCC final orders confirms its intent to preclude district court adjudication of Section 628 claims. 28 U.S.C. § 2342(1). In FCC v. ITT World Communications, Inc., 466 U.S. at 468-69, the Supreme Court held that litigants may not ask a district court to enjoin the outcome of an FCC order to evade the exclusive jurisdiction of the courts of appeal to review final FCC orders. The Tenth Circuit has also held that statutory provisions similar to 28 U.S.C. § 2342(1) deprive district courts of jurisdiction to interfere with agency decisions. See, e.g., Skull Valley Band of Goshute Indians v. Nielson, 376 F.3d 1223, 1235-36 (10th Cir. 2004) (28 U.S.C. § 2342(4) deprived district court of jurisdiction over challenge to licensing authority of Nuclear Regulatory Commission; Commission and court of appeals had exclusive jurisdiction); Spaulding v. United Transp. Union, 279 F.3d 901, 914 (10th Cir. 2002) (because 28 U.S.C. § 2342(5) expressly vests exclusive jurisdiction to review Surface Transportation Board determinations in courts of appeals, district court lacked subject matter jurisdiction); see also Investment Co. Inst. v. Bd. of Governors of Fed. Reserve System, 551 F.2d 1270, 1279-80 (D.C. Cir. 1977) ("impressive line of authority supports" proposition that "even where Congress has not expressly conferred exclusive jurisdiction, a special review statute vesting jurisdiction in a particular court cuts off other courts' original jurisdiction in all cases covered by the special statute").

Here, unlike in FCC v. ITT World Communications and other Tenth Circuit cases, plaintiff does not challenge a final FCC order. Rather, it seeks to preempt an FCC order through a district court declaratory judgment that would moot FCC proceedings. The same principle, however, applies: even

-15-

where the FCC has not yet issued a final order, plaintiff cannot use a declaratory judgment action to forestall FCC proceedings. See, e.g., Bethlehem Shipbuilding Corp., 303 U.S. at 48 (district court lacked jurisdiction to enjoin administrative hearings where Congress conferred exclusive jurisdiction on National Labor Relations Board and courts of appeal); TRAC, 750 F.2d at 72, 77 (where FCC had not issued final order, district court lacked jurisdiction to issue writ of mandamus compelling FCC to act because final agency action would be directly reviewable only in court of appeals).[13] This result is consistent with the longstanding principle that a declaratory judgment procedure may not be used as a substitute for statutory methods of review. See Wycoff, 344 U.S. at 246. By vesting exclusive jurisdiction over FCC orders in the courts of appeal, Congress precluded any other court from exercising original jurisdiction to adjudicate Section 628 claims. See Greater Detroit Res. Recovery Auth., 916 F.2d at 322; TRAC, 750 F.2d at 72, 77.

For these reasons, the Court lacks subject matter jurisdiction over plaintiff's request for a declaratory judgment that Section 628 of the Communications Act does not apply to it.[14] The proper forum for plaintiff to assert its claim is the FCC in the first instance and then the court of appeals.[15]

---

[13] Although the "exclusive jurisdiction" cases arose in different procedural circumstances than this case – some arose as collateral attacks on adverse agency action, see, e.g., ITT World Commc'ns, 466 U.S. at 468; Spaulding, 279 F.3d at 914, while others arose as claims for a writ of mandamus requiring certain agency action, see, e.g., TRAC, 750 F.2d at 77 – the same principles apply where a party attempts to avoid administrative proceedings by seeking a declaratory judgment. See Wycoff, 344 U.S. at 246.

[14] That plaintiff brought its claim in this Court before defendant brought its claim before the FCC has no bearing on the Court's jurisdictional analysis.

[15] Plaintiff rests its subject matter jurisdiction argument on the general jurisdictional grant in 28 U.S.C. § 1331 and asserts that because its claim is a "case or controversy" that "arises under" federal law, this Court has subject matter jurisdiction over the claim. Plaintiff's argument, however, is inapposite because even if a federal case or controversy exists, Congress may deprive the Court of subject matter jurisdiction over it.

Plaintiff may not circumvent the exclusive jurisdiction of the FCC and the courts of appeal by framing a complaint in district court as one for injunctive, declaratory or mandatory relief. Rogers v. Ink, 766 F.2d 430, 434 (10th Cir. 1985). This conclusion is confirmed by asking, counterfactually, whether the Court would have jurisdiction over a claim by defendant seeking to enforce Section 628 against plaintiff. See Surefoot, 531 F.3d at 1245. For reasons stated above, the answer is no.[16]

## B. Count II

In Count II, plaintiff seeks declaratory judgment that its decision to deny defendant's membership application does not violate federal or state unfair competition laws,[17] and that if defendant

---

[16]    Because the Court concludes that the FCC has exclusive jurisdiction over Section 628 claims, plaintiff's claims for declaratory judgment that defendant "may not lawfully bring an FCC compliance action against Plaintiff and/or its Board Members in an effort to secure relief against Plaintiff and its Board Members," and that "further prosecution of an FCC compliance action by Defendants against Plaintiff and its Board Members would constitute malicious prosecution of an unmeritorious claim," Doc. #1 at 7-8, are without merit. Moreover, if the FCC concludes that defendant's Section 628 claim is frivolous, it may impose its own penalties. See 47 U.S.C. § 548(f)(3). Because the Court lacks subject matter jurisdiction over plaintiff's Count I, it need not discuss defendant's assertion that the Court also lacks personal jurisdiction over defendant or defendant's alternative primary jurisdiction argument.

[17]    Federal law, 15 U.S.C. § 45(a)(1), provides as follows: "Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are hereby declared unlawful." With certain exceptions, 15 U.S.C. § 45(a)(2) empowers the FTC to prevent persons, partnerships, or corporations "from using unfair methods of competition or affecting commerce and unfair deceptive acts or practices in or affecting commerce."

Louisiana state law, La. Rev. Stat. Ann. § 51:1405(A), states as follows: "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." La. Rev. Stat. Ann. § 51:1405(B) empowers the Louisiana Attorney General to make rules and regulations  interpreting the provisions of Louisiana's Unfair Trade Practices and Consumer Protection Law and provides that "[t]he validity or applicability of a rule may be determined in an action for declaratory judgment in the district court of the parish in which the division is located or in the parish in which the plaintiff resides or is domiciled. Appeals may be had from any ruling of a district court in accordance with the Code of Civil Procedure, except that such appeals shall be given preference and heard in priority to other appeals." The Louisiana statute also creates a private right of action for individuals harmed by the use or employment of "an unfair or

(continued...)

-17-

attempts to (1) pursue claims with the FTC pursuant to 15 U.S.C. § 45; (2) ask the U.S. Department of Justice to reconsider the business review letter which it issued to the NCTC; (3) seek a Congressional investigation; or (4) seek enforcement of the relevant state unfair trade practices, such acts would constitute malicious prosecution of an unmeritorious claim. Doc. #1, at 10.[18] Plaintiff asserts that a case or controversy exists with respect to Count II because defendant threatened to take a variety of actions if it did not grant defendant membership in its cooperative. Doc. #18 at 17-20. Defendant's threat appeared in a pre-filing notice it sent to plaintiff on April 21, 2010 pursuant to FCC regulations. See Ex. 1 attached to Doc. #1; 47 C.F.R. § 76.1003(b). The notice stated that if plaintiff did not grant defendant's membership application, defendant would "consider . . . filing a complaint with the Federal Trade Commission pursuant to 15 U.S.C. § 45; asking the U.S. Department of Justice to reconsider its business review letter issued to the NCTC on October 17, 2003; seeking a congressional investigation and appropriate legislation; and obtaining enforcement of the relevant state unfair trade practices acts." Doc. #1, at 4-5 (quoting defendant's pre-filing notice letter, Ex. 1 attached to Doc. #1). Defendant argues that Count II does not allege a justiciable case or controversy because the notice merely stated that defendant would "consider" other available options, and the declaratory judgment which plaintiff seeks would violate defendant's First Amendment right to petition the government. Doc. #16 at 24-28.

---

[17](...continued)
deceptive method, act, or practice declared unlawful" by the Act. La. Rev. Stat. Ann. § 51:1409.

[18]     Rule 8(a)(1), Fed. R. Civ. P., requires a "short and plain statement of the grounds for the court's jurisdiction." The basis for the Court's jurisdiction "'must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." Dalton v. City of Las Vegas, 282 Fed. Appx. 652, 655 (10th Cir. 2008) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1206 (3d ed. 2004)). Plaintiff's complaint does not specifically allege an independent basis for jurisdiction over Count II. It appears, however, that plaintiff alleges general federal question jurisdiction under 28 U.S.C. § 1331. Plaintiff does not allege a basis for this Court to exercise jurisdiction over its purely state-law claims. See infra Parts B.2, C.

Defendant further states that it is "highly unlikely" that it will ever go forward with the actions addressed in Count II. Doc. #20, at 15. Alternatively, defendant argues that under the primary jurisdiction doctrine, the Court should decline to exercise jurisdiction. Doc. #20 at 14.

Article III, Section 2, of the United States Constitution limits this Court's subject matter jurisdiction to cases or controversies. The DJA incorporates the Article III case-or-controversy requirement by requiring "a case of actual controversy" within the Court's jurisdiction. 28 U.S.C. § 2201(a); MedImmune, 549 U.S. at 127; Aetna, 300 U.S. at 240; Surefoot, 531 F.3d at 1240. Thus, the DJA is "procedural only," Aetna, 300 U.S. at 240, and "does not itself confer jurisdiction on a federal court where none otherwise exists," Henry, 43 F.3d at 512. To satisfy the case-or-controversy requirement, plaintiff must allege a dispute that is "definite and concrete, touching the legal relations of parties having adverse legal interests." MedImmune, 549 U.S. at 127 (quoting Aetna, 300 U.S. at 240-41) (internal quotation marks omitted). It must be "real and substantial and admit of specific relief through a decree of conclusive character" – not "an opinion advising what the law would be upon a hypothetical state of facts." Id. (quoting Aetna, 300 U.S. at 240-41) (internal quotation marks and alteration omitted). In other words, "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Id. (quoting Md. Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 273 (1941)) (internal quotation marks omitted). Whether a case or controversy exists is a matter of degree, Exec. Risk Indem. Inc., 282 F. Supp. 2d at 1202, and turns on whether declaratory relief will have some effect in the real world, Citizens for Responsible Gov't, 236 F.3d 1182 (citing Kennecott Utah Copper, 186 F.3d at 1266). It depends not on a "judicial wager on the chances the parties will (imminently or otherwise) sue one

another," but on whether the facts "suggest an extant controversy between the parties or whether instead they merely call on [the Court] to supply an advisory opinion about a hypothetical dispute." <u>Surefoot</u>, 531 F.3d at 1242.

Count II asserts several claims. The Court will address each in turn.

1.   Federal Unfair Competition Laws, Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45

Plaintiff seeks declaratory judgment that it did not violate Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45 ("FTCA") (hereinafter "Section 5"), when it denied defendant's membership application. Doc. #1 at 10.[19] Plaintiff argues that it has asserted a case or controversy because defendant threatened to file an FTC complaint if plaintiff did not grant defendant's membership application. Doc. #18 at 17, 19-21. Defendant asserts that its statement that it would "*consider*" pursuing an FTC claim is not a threat and does not create a "definite and concrete" or "real and substantial" controversy between the parties. Doc. #20 at 14-15 (emphasis added). Defendant also states that it is "highly unlikely" that it will initiate an FTC claim and that plaintiff therefore seeks an advisory opinion based on hypothetical facts. <u>Id.</u>

Section 5 of the FTCA prohibits "[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce." 15 U.S.C. § 45(a). It empowers the

---

[19]     Plaintiff's complaint asks the Court to declare that when it denied defendant's membership application, it did not violate 15 U.S.C. §§ 1 <u>et seq.</u> Doc. #1 at 10. It is unclear from plaintiff's complaint, however, which of the provisions contained in the nearly 1,800 pages of Title 15 give rise to plaintiff's alleged case or controversy. Plaintiff's memorandum in opposition to defendant's motion to dismiss construes its complaint as asking the Court to declare that the denial of defendant's membership application did not "establish liability to the FTC (*under 15 U.S.C. § 45*)." Doc. #18 at 17 (emphasis added). Because defendant's pre-filing notice, which instigated this litigation, and the parties' briefs specifically focus on Section 5 of the FTCA, 15 U.S.C. § 45, the Court construes plaintiff's complaint as asking the Court to declare that defendant did not violate Section 5 when it denied defendant's application.

FTC alone to enforce the prohibition. 15 U.S.C. § 45(b); <u>see also</u> <u>Baum v. Great W. Cities, Inc., of N.M.</u>, 703 F.2d 1197, 1209 (10th Cir. 1983) (power to remedy Section 5 violations rests exclusively with FTC); <u>Am. Airlines v. Christensen</u>, 967 F.2d 410, 414 (10th Cir. 1992) (no private right of action to enforce Section 5 of FTCA). Thus, plaintiff asks the Court to declare the legal relationship between plaintiff and the FTC – not plaintiff and defendant.[20] Moreover, "the nature of any charges which may hereafter be filed is necessarily conjectural." <u>Brandenfels v. Day</u>, 316 F.2d 375, 378 (D.C. Cir. 1963) (J. Reed, retired, sitting by designation) (no case or controversy between plaintiff and FTC where no FTC action against plaintiff and any future charges speculative). Plaintiff's FTCA claim does not present a dispute that touches the legal relationship of the parties, <i>i.e.</i> a "dispute which affects the behavior of defendant towards the plaintiff." <u>Hewitt v. Helms</u>, 482 U.S. 755, 761 (1987). Therefore, plaintiff's FTCA claim does not allege a case or controversy and the Court sustains defendant's motion to dismiss it.

      2.      Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. Ann. § 51:1405

Plaintiff seeks declaratory judgment that plaintiff and its board members did not violate Louisiana's unfair trade practices act, La. L. Rev. Stat. Ann. § 51:1401 <u>et seq.</u>, "any other state unfair trade or deceptive practices act, and/or other statute or common law theory that Defendants may contend is applicable as a result of Plaintiff's ultimate decisions with respect to Defendants' application for membership in the NCTC." Doc. #1 at 10. Again, plaintiff asserts that defendant's threat to enforce state unfair trade practices acts establishes an Article III case or controversy. Doc. #18 at 17, 19-21.

---

[20]      Plaintiff's memorandum in opposition to defendant's motion to dismiss acknowledges this fact, by asking the Court to determine that "its decision not to approve LUS' Membership Application did not consist of unfair competition sufficient . . . to establish liability <i>to the FTC</i> (under 15 U.S.C. § 45)." Doc. #18 at 17 (emphasis added).

Defendant argues that its statement does not create a case or controversy. Doc. #15; Doc. #16 at 24-26.

For this Court to have jurisdiction, plaintiff's claim must state an Article III case or controversy that arises under federal law, 28 U.S.C. § 1331, or meets the requirements of the Court's diversity jurisdiction, 28 U.S.C. § 1332, or some other jurisdictional statute. See Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 15-16 (1983) (DJA did not impliedly repeal or modify "requirements of jurisdiction – the limited subject matters which alone Congress had authorized the District Courts to adjudicate"); Henry, 43 F.3d at 512 (DJA does not confer jurisdiction where none otherwise exists). Plaintiff bears the burden of showing that jurisdiction is proper, see Scheideman, 895 F. Supp. at 280, and must demonstrate that the case should not be dismissed, see Jensen, 838 F. Supp. at 1439-40. Mere conclusory allegations of jurisdiction are not enough. Spectrum Emergency Care, Inc., 190 F.3d at 1160.

Here, plaintiff alleges that the general federal question jurisdiction statute, 28 U.S.C. § 1331, supplies jurisdiction. Doc. #1 at 3. Section 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim arises under federal law when federal law creates the cause of action or when plaintiff's right to relief necessarily requires resolution of a substantial question of federal law. City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 164 (1997) (quoting Franchise Tax Bd. of Cal., 463 U.S. at 13). Plaintiff's Louisiana unfair trade practices claim is a purely state-law claim that does not require resolution of a substantial federal question. Therefore it does not arise under federal law, and the Court sustains defendant's motion to dismiss it for lack of subject matter jurisdiction.[21]

---

[21]     Although defendant did not challenge the jurisdictional basis for plaintiff's Louisiana-law claim, the Court has an independent obligation to raise jurisdictional issues *sua sponte* where
(continued...)

3.      Malicious Prosecution

Plaintiff also asks the Court to declare that:

[A]ny action by Defendants to: (1) pursue claims with the Federal Trade Commission pursuant to 15 U.S.C. § 45; (2) ask the U.S. Department of Justice to reconsider its business review letter issued to the NCTC on October 17, 2003; (3) seek a Congressional investigation; or (4) [seek] enforcement of the relevant state unfair trade practices acts would constitute a malicious prosecution of an unmeritorious claim against Plaintiff.

Doc. #1 at 10. Defendant asserts that plaintiff's claim does not allege a case or controversy and that the declaratory judgment which plaintiff requests would violate defendant's First Amendment right to petition the government. Doc. #16 at 25-28. Plaintiff argues that it alleges a case or controversy and that the judgment which it requests would not prohibit defendant from petitioning the government, but would merely render such action malicious prosecution. Id.

Unlike plaintiff's FTCA and Louisiana-law claims, which are grounded in concrete historical facts – plaintiff's denial of defendant's membership application – plaintiff's malicious prosecution claim is based on hypothetical future actions that defendant may or may not take.[22] Defendant's pre-filing notice stated that it would "consider pursuing other available options," including "filing a

---

[21](...continued)
necessary. See Kontrick v. Ryan, 540 U.S. 443, 455 (2004); Smith v. Krieger, Nos. 09-1503, 10-1012, slip op. at 3, 2010 WL 2912186 at *3 (10th Cir. July 27, 2010) (court has obligation to analyze jurisdiction *sua sponte*); Fed. R. Civ. P. 12(h)(3) (if court determines at any time that it lacks subject-matter jurisdiction, it must dismiss action). The Court declines to exercise supplemental jurisdiction over plaintiff's state law claim because it is dismissing all of plaintiff's federal claims. See 28 U.S.C. § 1367; United Mine Workers v. Gibbs, 383 U.S. 715, 725-26 (1966) (if federal claims dismissed, state claims should be dismissed as well); Lancaster v. Indep. Sch. Dist. No. 5, 149 F.3d 1228, 1236 (10th Cir.1998).

[22]      Defendant's statement that "it is highly unlikely that Lafayette will ever go forward with the other actions addressed in Count Two, no matter how the FCC might rule" is not dispositive because the existence of a case or controversy is not determined by a judicial wager that one party will sue another.   Surefoot, 531 F.3d at 1242.

-23-

complaint with the Federal Trade Commission pursuant to 15 U.S.C. § 45; asking the U.S. Department of Justice to reconsider its business review letter issued to the NCTC on October 17, 2003; seeking a congressional investigation and appropriate legislation; and obtaining enforcement of the relevant state unfair trade practices acts." Id. ¶ 11. This statement, however, is insufficient to allege the concrete and immediate controversy required to invoke the Court's jurisdiction. On this claim, a declaratory judgment would require the Court to issue "an opinion advising what the law would be upon a hypothetical state of facts." Surefoot, 531 F.3d at 1240. The Court therefore sustains defendant's motion to dismiss plaintiff's malicious prosecution claims for lack of subject matter jurisdiction.

### C. Declaratory Judgment Discretion

Even if the Court had jurisdiction over plaintiff's claims, it would not issue the declaratory judgments which plaintiff requests in Counts I and II. The DJA "stipulates only that district courts 'may'– not 'must'– make a declaration on the merits of [a] controversy." Surefoot, 531 F.3d at 1240. In deciding whether to entertain a declaratory judgment action, the Court considers whether a declaratory judgment (1) would settle the controversy; (2) would serve a useful purpose in clarifying the legal relation at issue; (3) is being used merely for purposes of procedural fencing or to provide an arena for a race to *res judicata*; and (4) would increase friction between federal and state courts and improperly encroach upon state jurisdiction. State Farm, 31 F.3d at 983. It also considers whether an alternative remedy is better or more effective. Id.

Plaintiff brought this action in response to defendant's pre-filing notice, in an effort to preempt any action which defendant might bring. The timing indicates that plaintiff is attempting to use this declaratory judgment action for purposes of procedural fencing or to provide an arena for a race to *res judicata*. See Mid-Continent Cas. Co. v. Se. Kan. Indep. Living Res. Ctr., Inc., No. 05-4092-RDR, 2005

WL 3240843, at *2 (D. Kan. Nov. 30, 2005) (declaratory judgment action filed as apparent reaction to imminent filing of state court case); <u>St. Paul Fire & Marine Ins. Co. v. Runyon</u>, 53 F.2d 1167, 1170 (10th Cir. 1995) (plaintiff filed federal suit one day before date defendant promised to file state court action). In addition, with respect to plaintiff's Section 628 claim, an alternative remedy is better and more effective – the remedy which Congress provided in Section 628(e). 47 U.S.C. § 548(e). Plaintiff's Louisiana law claim presents novel questions and would undoubtedly cause this Court to step on the toes of Louisiana courts. With respect to plaintiff's malicious prosecution claims, a declaratory judgment would not clarify the legal relationship between the parties with respect to the question at issue: whether plaintiff broke the law when it denied defendant's membership application.[23]

**IT IS THEREFORE ORDERED** that <u>Plaintiff's Motion For Reconsideration Of Court's September 07, 2010 Order</u> (Doc. # 28) filed on September 13, 2010 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that defendant's <u>Motion to Dismiss</u> (Doc. #15) filed June 21, 2010 be and hereby is **SUSTAINED**. All claims against Lafayette City-Parish Consolidated Government of Lafayette Louisiana, d/b/a LUS Utilities System are hereby dismissed.

Dated this 23rd day of November, 2010 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[23] Because the Court concludes that it lacks subject matter jurisdiction over all of plaintiff's claims, the Court need not pass upon defendant's other grounds for urging dismissal, namely lack of personal jurisdiction and primary jurisdiction. In addition, the Court declines to exercise supplemental jurisdiction over plaintiff's state-law claim because the Court is dismissing all of plaintiff's federal claims. <u>See</u> 28 U.S.C. § 1367; <u>United Mine Workers</u>, 383 U.S. at 725-26 (if federal claims dismissed, state claims should be dismissed as well); <u>Lancaster</u>, 149 F.3d at 1236.